Dear Mr. Hughes:
You advise that the West Feliciana Parish Police Jury proposes to amend its Code of Ordinances to change the membership of the governing body of the West Feliciana Parish Communications District. Currently, the parish code reflects (in accordance with state law) that the governing authority of the communications district is the police jury. We conclude the police jury now lacks the authority to change the membership for the following reasons.
R.S. 33:9103 provides, in pertinent part:
 § 9103. Board of commissioners; membership; qualifications and terms; powers; parish governing authority as district governing authority
 A. (1)(a) When any district is created wholly within a single parish, the parish governing authority creating it may appoint a board of commissioners composed of seven members to govern its affairs and shall fix the domicile of the board at any point within the parish. The members of the board shall be qualified electors of the district, two of whom shall be appointed for terms of two years, three for terms of three years, and two for terms of four years, dating from the date of the adoption of the ordinance creating the district. Thereafter, all appointments of the members shall be for terms of four years.
* * * * *
 E. In lieu of appointing a commission, as provided in this Section, the parish governing authority may serve as the governing authority of a district located wholly within the parish, in which case it shall assume all the powers and duties of the board of commissioners as provided in this Chapter. *Page 2 
The West Feliciana Parish Police Jury now proposes to adopt an ordinance which would redefine the qualifications for membership on the communications district board as follows:
Sec. 5.5-22. Governing authority.
 The governing authority of the West Feliciana Parish Communications District shall be a board of seven (7) commissioners consisting of the individuals who hold, during the term of such service, the following positions (qualifying offices):
1. Chief of Police, Town of St. Francisville;
2. Mayor, Town of St. Francisville;
3. Member, West Feliciana Parish Police Jury;
4. Sheriff, Parish of West Feliciana;
 5. Administrator, West Feliciana Parish Hospital Service District
 6. Director, Office of Emergency Preparedness for the Parish of West Feliciana; and,
 7. Chief, West Feliciana Parish Fire Protection District
 Each commissioner shall be a qualified elector of the Parish of West Feliciana and shall serve only during the occupancy of their qualifying office, but in no event, without recertification of qualifications, longer than four (4) years. Certification and recertification of qualifications shall be made by the Police Jury.
 The Board of Commissioners shall have the authority to employ such employees, experts, and consultants as it may deem necessary to assist it in the discharge of its responsibilities. The consent of the West Feliciana Police Jury shall be required before the District can incur debt, issue bonds or any other evidence of the debt, or impose any tax or tariff.
It is well established that police juries have no other powers than those specifically delegated to them. See Attorney General Opinion 01-0168. The new ordinance would contravene state law, in that it sets forth specific individuals who, by virtue of holding public office, are automatically appointed to the communications district board. R.S. 33:9103 only requires that the members of the board shall be qualified electors of the district.
In accord is Attorney General Opinion 03-0148, copy attached, in which the author stated:
 Finally, you inquire whether it is in the legal boundaries of the police jury to set up an appointment system based on individual police jurors hand picking candidates from their respective wards without regard to *Page 3 
population. La.R.S. 33:9103 only states that the members of the board shall be qualified electors of the district. Therefore, it appears the police jury may set up an appointment system as long as the basis for selection of a candidate for service on the board may be justified via a showing that he/she is a qualified elector of the district. (Emphasis added).
State prevails in this instance over an inconsistent parish ordinance. While the police jury may appoint members to the communications district board, the only qualifications of office which the police jury may impose are those dictated by R.S.33:9103.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL